UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 09-98 |
| STEVE A. CASTON | SECTION: R(3) |

### ORDER AND REASONS

Before the Court is petitioner Steve Caston's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, the Court DENIES the motion.

### I. BACKGROUND

On April 2, 2009, a grand jury indicted Steve Caston for possessing with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1); for possessing a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1) (Count 2); and for possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).[2] After several continuances requested by Caston, on July 29, 2010,

---

[1] R. Doc. 95.

[2] R. Doc. 3.

a grand jury returned a second superseding indictment, which added a count charging Caston with conspiring to possess with the intent to distribute 50 grams or more of cocaine base ("crack") and quantities of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C).[3]

On October 13, 2010, Caston pleaded guilty to all four counts of the superseding indictment.[4] The Court sentenced Caston to 180 months in prison and entered the judgment on February 23, 2011.[5] Caston did not file a timely notice of appeal. On April 3, 2012, the Court denied Caston's motion for an extension of time to file an appeal.[6]

Caston also entered a plea agreement with the Government under Federal Rule of Criminal Procedure 11.[7] Under the plea agreement, the Government agreed (1) not to file a Bill of Information charging Caston with having a prior felony drug conviction, pursuant to 21 U.S.C. § 851; and (2) that Caston was entitled to a three level reduction under U.S.S.G. § 3E1.1.[8] In exchange, and in addition to his guilty plea, Caston waived his

---

[3] R. Doc. 47.

[4] R. Doc. 78.

[5] R. Doc. 89.

[6] R. Doc. 97.

[7] R. Doc. 81.

[8] *Id.*

2

right to appeal his conviction or sentence, except that he reserved the right to bring a direct appeal of any sentence above the statutory maximum. In addition, Caston waived his right to contest his conviction or sentence in any collateral proceeding, including under 28 U.S.C. § 2255, except if he established ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.[9]

Caston now moves to vacate his sentence under section 2255. He contends that he is actually innocent of the counts to which he pleaded guilty. Caston further contends the government failed to prove that it had jurisdiction over the crime, that his plea agreement stems from prosecutorial misconduct, that 18 U.S.C. 922(g)(1) violates Public Law 99-308, the "Firearms Owners' Protection Act," and that his lawyer failed to zealously defend him. The government opposes the petition.[10]

## II. DISCUSSION

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of

---

[9] *Id.*

[10] R. Doc. 102.

habeas corpus, *see* 28 U.S.C. §§ 2241, 2254, only a narrow set of claims is cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." *Rules Governing Section 2255 Proceedings*, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the Court must determine whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings*, Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke*, 350 F.3d 461, 472 (5th Cir. 2003). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht*'s harmless error standard in a § 2255 proceeding). If the Court

finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**III. DISCUSSION**

**A.   Timeliness**

Section 2255(f) provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or;
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Caston's conviction became final 14 days after the Court issued its judgment on March 9, 2011, when the time for filing a notice of appeal expired. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000). Although this Court

received Caston's motion for relief on March 12, 2012, more than one year later, Caston mailed the petition on March 8, 2012, which was within the one-year limitation period. *See U.S. v. Franks*, 397 Fed. Appx. 95, 98 (5th Cir. 2010)(prisoner filing date is the date on which the motion is deposited into a legal mailbox where he is incarcerated). Caston therefore timely filed his section 2255 motion.

**B.    Waiver of Appeal Rights**

The Court does find, however, that Caston has waived his right to present the arguments raised in his section 2255 motion. Generally, a defendant may waive his statutory right to appeal as part of a plea agreement. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). A defendant may also waive post-conviction relief, such as under 28 U.S.C. § 2255, and the waiver is valid if it is informed and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Here, Caston's signed plea agreement contains an express waiver of his right to seek relief under section 2255.[11]  Caston

---

[11]    R. Doc. 81 at 3 ("Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742.  The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on

does not assert that ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of his guilty plea. Further, Caston does not challenge the knowing and voluntary nature of his waiver. Accordingly, the Court finds that Caston waived his right to bring the present section 2255 motion.

**C.   Certificate of Appealability**

The Rules Governing Section 2255 Proceedings provide that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." *Rules Governing Section 2255 Proceedings*, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could

---

any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.").

8

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Id.* at 336. With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Caston's motion does not satisfy these standards. Caston waived his right to bring a section 2255 motion except in limited circumstances not applicable here. Further, Caston does not challenge the knowing and voluntary nature of his waiver of post-conviction relief. Accordingly, the Court finds that petitioner's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists. Reasonable jurists would not find his arguments to be fertile grounds for debate.

**III. CONCLUSION**

For the foregoing reasons, the Court DISMISSES Caston's motion. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 31st day of July, 2012.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE